**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 13 CR 930-1, -2** |
| | ) | |
| **MALCOLM CARPENTER and** | ) | **Judge Rebecca R. Pallmeyer** |
| **JUSTIN WILLIAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Malcom Carpenter and Justin Williams were arrested on December 4, 2013, for committing an alleged robbery of $80,288 from the Bank of America in Homewood, Illinois. (R. 14 at 1.)  The government charged Defendants with bank robbery in violation of 18 U.S.C. § 2113(a) (Count I); brandishing firearms "during and in relation to a crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count II); and being felons in possession of firearms in violation of 18 U.S.C. § 922(g)(1) (Count III).  Defendants move to dismiss Count II of the indictment, arguing that bank robbery is not a "crime of violence" and thus Defendants did not violate § 924(c)(1)(A)(ii).  As explained below, the motion is denied.

## DISCUSSION

Section 924(c)(1) enhances the penalty for a crime of violence if the defendant uses or carries a firearm in relation to the crime.  The statute defines a "crime of violence" as an offense that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B).  Defendants assert that bank robbery under Section 2113(a) fails to qualify as a "crime of violence" within the meaning of Section 924(c)(3)(A) (the "force clause")

because bank robbery can be accomplished by "intimidation," which does not require violent physical force. (Mot. at 2.) Specifically, Section 2113(a) provides that:

> Whoever, by force and violence, *or by intimidation*, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . . Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (emphasis added). Nor does bank robbery under Section 2113(a) qualify as a crime of violence within the meaning of 924(c)(3)(B) (the "residual clause") because this clause is void for unconstitutional vagueness, Defendants argue. (*Id.,* citing *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2552, 2563 (2015).)

Because an offense must have as an element "the use, attempted use, or threatened use of physical force" to qualify as a crime of violence under Section 924(c)'s force clause, the issue raised by Defendants' motion is whether "intimidation" satisfies the statute's meaning of "threatened use of physical force." In *Johnson*, the United States Supreme Court interpreted the term "physical force" as used in Section 924(e)(2)(B), a similar statutory provision that provides for sentencing enhancements in certain cases where defendants have three prior "violent felony" convictions. 559 U.S. 133, 138-143, 130 S. Ct. 1265 (2010). Similar to Section 924(c), Section 924(e)(2)(B) defines a "violent felony" as, among other things, an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another; . . . ." 18 U.S.C. § 924(e)(2)(B)(i). Section 924(e)(2)(B), like Section 924(c)(3), does not define "physical force." In interpreting the meaning of "physical force" under the statute, however, the Court held that "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140, 130 S. Ct. 1265. Applying this definition, the Court concluded that Florida's battery statute, which merely requires unwanted

touching, did not include as an element the use of violent physical force and therefore was not a "violent felony." *Id.* at 142-43.

What matters then, under the *Johnson* holding, is whether the reference to "intimidation" in Section 2113(a) involves the threatened use of physical force. Seventh Circuit precedent confirms that the answer is yes. *See, e.g.*, *United States v. Gordon*, 642 F.3d 596, 598 (7th Cir. 2011) ("intimidation exists when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force"); *United States v .Thornton*, 539 F.3d 741, 748 (7th Cir. 2008) ("Intimidation is the threat of force[.]"); *United States v. Smith*, 131 F.3d 685, 688 (7th Cir. 1997) ("intimidation is a reasonable fear that resistance will be met with physical force"); *United States v. Berry*, 16 F. App'x 512, 514 (7th Cir. 2001) ("To attempt to rob a bank 'by intimidation' is to say or do something in a way that is reasonably calculated to place an ordinary person in fear that any resistance on his part would be met with physical force." (citing *United States v. Clark*, 227 F.3d 771, 774 (7th Cir. 2000))).

Cases in this Circuit and others also make clear that intimidation means threatened force capable of causing bodily harm and therefore constitutes threatened "*violent* force" under Section 924(c)(3)(A). *See Johnson*, 559 U.S. at 140, 130 S. Ct. 1265. The Seventh Circuit has noted, for example, that "from the victim's perspective, intimidation is present when the facts show that an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the defendant's acts." *Berry*, 16 F. App'x at 514; *see also Virginia v. Black*, 538 U.S. 343, 360, 123 S. Ct. 1536 (2003) (intimidation occurs when an individual makes a threat "with the intent of placing the victim in fear of bodily harm or death"). Other circuits have similarly interpreted intimidation in the context of Section 2113(a) as requiring a threat of bodily harm. *See, e.g.*, *United States v. Burns*, 160 F.3d 82, 85 (1st Cir. 1998); *United States v. Woodrup*, 86 F.3d 359, 363-64 (4th Cir. 1996); *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003); *United States v. Kelley*, 412 F.3d 1240, 1245 (11th Cir. 2005).

Defendants concede that circuit courts define intimidation as "the act of placing another in fear of bodily harm" or a "threat of physical injury." (Mot. at 12.) They assert, however, that this definition does not necessarily constitute a threat of "violent force." As noted above, the Supreme Court in *Johnson* expressly defined violent force as "force capable of causing physical pain or injury to another person." 559 U.S. at 140, 130 S. Ct. 1265. As this court reads the language, a threat of bodily harm or personal injury fits precisely within that definition.

Two other district courts have recently addressed and rejected the arguments raised by Defendants. Despite the fact that robbery can indeed be committed by intimidation, these courts have concluded, robbery does qualify as a crime of violence under 924(c)'s force clause. *See United States v. Enoch*, No. 15-CR-66, 2015 WL 6407763, at *1 (N.D. Ill. Oct. 21, 2015) (Kennelly, J.); *United States v. Mitchell*, No. 15-CR-47, 2015 WL 7283132, at *1 (E.D. Wis. Nov. 17, 2015) (Adelman, J.). In *Enoch*, the court noted that "[t]he Seventh Circuit has repeatedly held that intimidation refers to a threatened use of physical force," and in *Thornton*, it specifically defined intimidation as "'physical force to compel' action from the victim." 2015 WL 6407763, at *2 (quoting *Thornton*, 539 F.3d at 749). Because "[f]orce that is capable of compelling action fits within the definition of violent force set out in the Supreme Court's 2010 decision in *Johnson*," the court reasoned, robbery qualifies as a crime of violence within the meaning of Section 924(c). *Id.* (citing *Johnson*, 559 U.S. at 142). The *Mitchell* court agreed with the reasoning in *Enoch* and further noted that "[t]he Seventh Circuit has held that bank robbery qualifies as a crime of violence under § 924(c)(3)(A)-(B), without differentiating between the force and residual clauses." *Mitchell*, 2015 WL 7283132, at *2 (citing *United States v. Kirklin*, 727 F.3d 711, 715 n.1 (7th Cir. 2013); *United States v. Jones*, 418 F.3d 726, 729 (7th Cir. 2005)).

Moreover, while not every case of intimidation involves a threat of serious bodily harm, under the definition provided by the Supreme Court in *Johnson*, any threat of force *capable* of causing pain or bodily harm amounts to violent force. *Johnson*, 559 U.S. at 140, 130 S. Ct. 1265. Threatening to grab a victim's wrists or otherwise constrain a victim, for example, may

not be force necessarily resulting in physical pain or bodily harm, but those actions are both capable of doing so. Thus even the most innocent conduct penalized by § 2113(a) would qualify as a crime of violence under § 924(a).

In sum, because intimidation means threatened violent physical force, bank robbery under 18 U.S.C. § 2113(a) qualifies as a "crime of violence" under the force clause of Section 924(c)(3). As a result, this court need not address whether bank robbery qualifies as a crime of violence under the residual clause. Defendants' motion to dismiss Count II of the Indictment [93] is DENIED.

ENTER:

Dated: March 8, 2016

_____
REBECCA R. PALLMEYER
United States District Judge